| | |
|---|---|
| 1 | SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP |
| | Nichole Browning (S.B.N. 251937) |
| 2 | 2125 Oak Grove Road, Suite 120 |
| | Walnut Creek, CA 94598 |
| 3 | Telephone: (925) 945-0770 |
| | Facsimile: (925) 945-8792 |
| 4 | |
| | -and- |
| 5 | |
| | Eric L. Zagar (S.B.N. 250519) |
| 6 | Lee D. Rudy |
| | James H. Miller |
| 7 | 280 King of Prussia Road |
| | Radnor, PA 19087 |
| 8 | Telephone: (610) 667-7706 |
| | Facsimile: (610) 667-7056 |
| 9 | |
| | *Attorneys for [Proposed] Lead* |
| 10 | *Plaintiff Arunbhai Patel* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES R. KING, Derivatively on Behalf of Nominal Defendant, VERIFONE HOLDINGS, INC., | |
| Plaintiff, | **Case No.: 3:07-cv-06347-MHP** |
| v. | |
| DOUGLAS G. BERGERON, JAMES C. CASTLE, LESLIE G. DENEND, ALEX W. (PETE) HART, ROBERT B. HENSKE, EITAN RAFF, CHARLES R. RINEHART, COLLIN E. ROCHE, CRAIG A. BONDY, and BARRY ZWARENSTEIN, | **PLAINTIFF ARUNBHAI PATEL'S BRIEF IN FURTHER SUPPORT OF HIS MOTION TO CONSOLIDATE, APPOINT LEAD PLAINTIFF AND LEAD COUNSEL AND IN OPPOSITION TO THE MOTION FILED BY CHARLES R. KING** |
| | Judge: Hon. Marilyn H. Patel |
| | Courtroom: 15 |
| | Hearing Date: April 28, 2008 |
| | Hearing Time: 2:00 p.m. |
| Defendants, | |
| And | |
| VERIFONE HOLDINGS, INC., | |
| Nominal Defendant. | |

1  *To be consolidated with:*

2  ARTHUR HILBORN, Derivatively on Behalf of
3  Nominal Defendant, VERIFONE HOLDINGS, INC.,

4               Plaintiff,                          **Case No.: 5:08-cv-01132-MPH**

5       v.

6  DOUGLAS G. BERGERON, JESSE ADAMS,
   ISAAC ANGEL, WILLIAM ATKINSON,
7  CRAIG A. BONDY, JAMES C. CASTLE,
   LESLIE G. DENEND, ALEX W. HART,
8  ROBERT B. HENSKE, CHARLES R.
   RINEHART, COLLIN E. ROCHE, ELMORE
9  WALLER, and BARRY ZWARENSTEIN,

10              Defendants,

11      And

12 VERIFONE HOLDINGS, INC.,

13              Nominal Defendant.

14 ARUNBHAI PATEL, Derivatively on Behalf of
   Nominal Defendant, VERIFONE HOLDINGS,
15 INC.,

16              Plaintiff,                          **Case No.: 5:08-cv-01133-MPH**

17      v.

18 DOUGLAS G. BERGERON, JESSE ADAMS,
   ISAAC ANGEL, WILLIAM ATKINSON,
19 CRAIG A. BONDY, JAMES C. CASTLE,
   LESLIE G. DENEND, ALEX W. HART,
20 ROBERT B. HENSKE, CHARLES R.
   RINEHART, COLLIN E. ROCHE, ELMORE
21 WALLER, and BARRY ZWARENSTEIN,

22              Defendants,

23      And

24 VERIFONE HOLDINGS, INC.,

25              Nominal Defendant.

26

27

28

PLAINTIFF ARUNBHAI PATEL'S BRIEF IN FURTHER SUPPORT OF HIS MOTION TO CONSOLIDATE, APPOINT LEAD
PLAINTIFF AND LEAD COUNSEL AND IN OPPOSITION TO THE MOTION FILED BY CHARLES R. KING

| | |
|---|---|
| MARY LEMMOND and WANDELL EVERETT, Derivatively on Behalf of Nominal Defendant, VERIFONE HOLDINGS, INC., <br><br>                    Plaintiff, <br><br>     v. <br><br> DOUGLAS G. BERGERON, BARRY ZWARENSTEIN, JESSE ADAMS, ISAAC ANGEL, ELMORE WALLER, COLLIN E. ROCHE, JAMES C. CASTLE, LESLIE G. DENEND, ALEX W. HART, ROBERT B. HENSKE, CHARLES R. RINEHART, EITAN RAFF, WILLIAM ATKINSON, CRAIG A. BONDY, GTCR GOLDER RAUNDER, LLC, and DOES 1-25, INCLUSIVE, <br><br>                    Defendants, <br><br>     And <br><br> VERIFONE HOLDINGS, INC., <br><br>                    Nominal Defendant. | Case No.: 5:08-cv-01301-MPH |

Proposed Derivative Lead Plaintiff, Arunbhai Patel ("Mr. Patel"), respectfully submits this memorandum of law in further support of his Motion to Consolidate Related Actions, Appoint Lead Plaintiff and Lead Counsel ("Patel Motion"), and in opposition to the motion filed by plaintiff Charles R. King ("Mr. King") for his appointment as Lead Plaintiff and appointment of Scott + Scott, LLP (Scott + Scott") as Lead Counsel.

**I.   INTRODUCTION**

The above pending actions are shareholder derivative actions brought on behalf of Nominal Defendant VeriFone Holdings, Inc. ("VeriFone" or the "Company") against members of VeriFone's Board of Directors and its top executive officers seeking to remedy defendants' breaches of fiduciary duty and unjust enrichment.[1]  Currently pending in the Court are two motions

---

[1] On March 19, 2008, this Court ordered that the various actions filed against VeriFone (*Eichenholtz v. VeriFone Holdings, Inc. et al*, C 07-06140 MHP; *King v. Bergeron et al*., C 07-06347 MHP; *Hilborn v. VeriFone Holdings, Inc*., *et al,* C 08-01132 PVT; *Patel v. Bergeron et al*., C 08-01133 HRL; and *Lemmond v. VeriFone Holdings, Inc. et al.,* C 08-01301 RS) be related.

filed by: (1) Mr. Patel, who requests his appointment as Lead Plaintiff and the appointment of his selection of the law firm of Schiffrin Barroway Topaz & Kessler, LLP ("Schiffrin Barroway") as Lead Counsel; and (2) Mr. King, who requests his appointment as Lead Plaintiff and the appointment of Scott + Scott as Lead Counsel.[2]

Of the two competing lead plaintiff movants, the record clearly reflects that Mr. Patel is most capable of "act[ing] in the stead of the corporation, as a corporate surrogate seeking vindication of a corporate right" as he has ensured, and will continue to ensure, that Defendants are held accountable for their breaches of fiduciary duty and unjust enrichment. *Sweet v. Bermingham*, 65 F.R.D. 551, 553 (S.D.N.Y. 1975). Mr. Patel, a holder of 1,000 shares of VeriFone common stock, is the ***only*** lead plaintiff movant who satisfies Rule 23.1 and has demonstrated his ability to lead this litigation by submitting a sworn declaration evidencing that he is a sophisticated investor, with the requisite knowledge, experience and ability to serve as Lead Plaintiff. Indeed, such information is critical in order for this Court to determine a lead plaintiff movant's ability to lead this litigation.

In stark contrast, Mr. King has not demonstrated his ability to act as an adequate fiduciary for VeriFone. Mr. King did not file a declaration providing the court with information regarding his ability to serve as Lead Plaintiff or other personal information. Instead, he has relied solely upon the filings of his counsel. Because no declaration has been filed by Plaintiff King containing such critical information, "***the court is left knowing next to nothing about his suitability as a plaintiff***." *See, e.g., Quaco, et al., v. Balakrishnan, et al.*, Case No. 3:06-cv-02811-MHP (Jan. 9, 2007 Order)(attached as Exhibit A to the Declaration of Nichole T. Browning ("Browning Decl.")(emphasis added). Thus, because Mr. King has not proffered any information regarding his suitability as a lead plaintiff, he should not be appointed as lead plaintiff by this Court.

---

[2] Both Mr. Patel and Mr. King agree that the four shareholder derivative actions filed on behalf of VeriFone currently pending before this Court present virtually identical factual and legal issues, involve substantially the same defendants, and that consolidation of the derivative actions is proper. Thus, that aspect of the competing motions is unopposed and not addressed in this brief. *See* Patel Motion at 3-4; Plaintiff Charles King's Motion to Consolidate Related Shareholder Derivative Actions and to Appoint Lead Plaintiff and Lead Counsel ("King Motion") at 3-5.

PLAINTIFF ARUNBHAI PATEL'S BRIEF IN FURTHER SUPPORT OF HIS MOTION TO CONSOLIDATE, APPOINT LEAD PLAINTIFF AND LEAD COUNSEL AND IN OPPOSITION TO THE MOTION FILED BY CHARLES R. KING

Not only is Mr. Patel best suited to act as a fiduciary as evidenced by the sworn facts in his declaration, he has also exhibited his vigor and desire to advance the litigation by recently amending his Complaint to include additional allegations based on an April 2, 2008 VeriFone announcement that the Company did not maintain effective internal controls over financial reporting and that the Company's Chief Financial Officer ("CFO") was abruptly resigning. In addition to his failure to provide necessary information in order to evaluate his adequacy to serve as a fiduciary for VeriFone, Mr. King has similarly made no effort to update his complaint to include these new relevant facts.

Thus, since Mr. Patel is the *only* lead plaintiff movant that has provided this Court with information regarding his suitability to lead this litigation and exhibited his vigor and desire to advance the litigation, this Court should appoint Mr. Patel as Lead Plaintiff and appoint his choice of counsel, Schiffrin Barroway, as Lead Counsel.

## II.     THE COURT SHOULD APPOINT MR. PATEL AS LEAD PLAINTIFF

As set forth in the Patel Motion, in deciding whether a plaintiff will fairly and adequately represent the interests of the shareholders in enforcing the rights of the corporation, the Court must look to which movant will adequately serve the interests of the derivative plaintiffs and the nominal defendant. *Millman v. Brinkley*, 2004 U.S. Dist. LEXIS 20113, at *8 (N.D. Ga., Oct. 1, 2004); *Dollens v. Zionts*, 2001 U.S. Dist. LEXIS 19966, at *5 (N.D. Ill., Dec. 4, 2001). Pursuant to Fed. R. Civ. P. 23.1, a plaintiff bringing a derivative shareholder action "must be qualified to serve in a fiduciary capacity as a representative of the class of stockholders, whose interest is dependent upon the representative's adequate and fair prosecution of the action." *Bender v. Parks*, 2004 U.S. Dist. LEXIS 17090, at *11 (D.D.C. Jan. 15, 2004) (citation omitted); *see Larson v. Dumke*, 900 F.2d 1363, 1367 (9th Cir. 1990) (discussing qualities necessary to satisfy adequacy of a proposed derivative plaintiff). The various factors that courts consider include: (1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) whether plaintiffs are represented by capable counsel. *Millman*, 2004 U.S. Dist. LEXIS 20113, at *9-11. Each of these factors, individually or together, supports appointing Mr. Patel as Lead Plaintiff and his counsel as Lead Counsel.

### 1. Mr. Patel's Sworn Declaration Demonstrates His Ability to Serve as Lead Plaintiff

In support of his lead plaintiff motion, Mr. Patel has complied with this Court's prior precedent by submitting a sworn declaration attesting to his ability and commitment to aggressively lead this litigation on behalf of VeriFone thereby providing this Court with all of the pertinent information necessary to conclude that Mr. Patel is an adequate lead plaintiff. *See* Declaration of Arunbhai Patel ("Patel Decl.") attached as Exhibit A to the Patel Motion; *Quaco, et al., v. Balakrishnan, et al.*, Case No. 3:06-cv-02811-MHP, Jan. 9, 2007 Order at 2. As his declaration demonstrates, Mr. Patel is a holder of 1,000 shares of VeriFone common stock who has the requisite knowledge, experience and ability to serve as Lead Plaintiff. Patel Decl. at ¶¶ 2, 4. Mr. Patel has a Ph.D. in biotechnology from Loyola University of Chicago and is a retired research scientist. Patel Decl. ¶3. He is an experienced investor who has been investing in the stock market for approximately fifteen years and is familiar with reading and understanding corporate financial statements, Securities and Exchange Commission ("SEC") filings and other investment-related documents. *Id.* Accordingly, Mr. Patel's background and experience demonstrates that he is adequately qualified to understand the complex issues presented in this derivative litigation, and to direct this litigation as it progresses.

Moreover, Mr. Patel understands the responsibilities and obligations of serving as a lead plaintiff and intends to fulfill his duties by keeping in frequent contact with his counsel throughout the duration of the litigation and by continuing to hold shares of VeriFone stock, a requirement of a derivative plaintiff. Patel Decl. ¶8-9. Further, Mr. Patel does not have any interests which are adverse to the Company or other VeriFone shareholders. *Id.* at ¶8.

Finally, Mr. Patel has retained qualified counsel, the law firm of Schiffrin Barroway, a firm with offices in Walnut Creek, California and Radnor, Pennsylvania that is well-versed in prosecuting derivative actions throughout the country. Patel Decl. ¶10; *See also,* Schiffrin Barroway's firm resume ("Schiffrin Barroway Resume").[3] Mr. Patel intends to actively monitor his chosen counsel by maintaining contact with his counsel on a regular basis in order to properly

---

[3] The Schiffrin Barroway Resume is attached as Exhibit 2 to the Browning Decl. in Support of Mr. Patel's Motion (Dkt. Number 5).

PLAINTIFF ARUNBHAI PATEL'S BRIEF IN FURTHER SUPPORT OF HIS MOTION TO CONSOLIDATE, APPOINT LEAD PLAINTIFF AND LEAD COUNSEL AND IN OPPOSITION TO THE MOTION FILED BY CHARLES R. KING

oversee the litigation and direct counsel. *Id.* at ¶8. Mr. Patel has also entered into a formal competitive fee agreement with his selected counsel. *Id.* at ¶10. Accordingly, as a result of the foregoing commitments already made by Mr. Patel to this litigation, there is no doubt that he has sufficiently demonstrated that he is able to adequately represent and protect the interests of the Company and its shareholders.

Conversely, Mr. King failed to provide this Court with any evidence to demonstrate that he has the sophistication or experience to effectively lead this litigation. Specifically, Mr. King has failed to provide *any* background information about himself let alone explain how he is well-qualified to step into the shoes of the Company and direct this action on behalf of VeriFone. *See* King Motion at 7. Moreover, Mr. King has made no assurances to this Court that he intends to hold his VeriFone stock throughout the duration of this litigation, which is a prerequisite to maintaining derivative standing. *Id.* Absent such critical information, this Court cannot conclude with any confidence that Mr. King can adequately represent the Company and its shareholders in this litigation.

Therefore, because the record clearly reflects that Mr. Patel is the only Lead Plaintiff movant well equipped to aggressively litigate this action on behalf of VeriFone and well qualified to serve as Lead Plaintiff, this Court should appoint Mr. Patel as Lead Plaintiff.

**2.    Mr. Patel Has Filed Quality Pleadings With the Most Recent Allegations**

One of the factors courts consider when a appointing a lead plaintiff is the quality of the pleadings. As evidenced by his complaint, Mr. Patel has filed quality pleadings as they contain concise, comprehensive allegations regarding Defendants' breaches of fiduciary duties and other violations of law. Indeed, the factual allegations in all of the above-captioned complaints arise out of defendants' insider trading and violations of their fiduciary duties in connection with causing the Company to materially misrepresent its financial and operational condition and its controls and procedures.

On April 2, 2008, the Company filed with the SEC a Form 8-K in which the Company confirmed the allegations in the Complaint by admitting that VeriFone did not maintain effective

internal controls over financial reporting. *See* Browning Decl., Exhibit B, filed herewith. Specifically, the Company admitted that the lack of internal controls will require the Company to restate downward its operating income for the three months periods ended January 31, 2007, April 30, 2007, and July 31, 2007 by an aggregate amount of $36.9 million, and its reported inventories for the same periods by more than $77 million. *Id.*[4] The Company also announced that Defendant Zwarenstein resigned from his position as VeriFone's CFO. *Id.*

Just days after the Company made these announcements, Mr. Patel filed an Amended Verified Shareholder Derivative Complaint which includes these additional allegations about VeriFone's lack internal controls, the resignation of Defendant Zwarenstein and the Company's restatement. *See* Exhibit C to Browning Decl., ¶¶ 2, 20, 28, 44-46 ("Amended Complaint"). In contrast, Mr. King's complaint does not contain these additional allegations, which, when coupled with his failure to provide any background information about his qualifications to serve as Lead Plaintiff, further demonstrates that he cannot adequately lead this litigation.

### 3.     Mr. Patel is Committed to Vigorously Lead This Litigation

A plaintiff who leads a shareholder's derivative suit occupies a position "of a fiduciary character," in which "[t]he interests of all in the redress of the wrongs are taken into his hands, dependent upon his diligence, wisdom and integrity." *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541 (1949).  In providing this Court with the necessary information evincing his ability to effectively serve as Lead Plaintiff at the time he filed his initial motion, since the filing of the Complaint, Mr. Patel, through his counsel, has been advancing the litigation in a number of other ways by: (1) effectuating service of process and discussing with defense counsel waiver of service; (2) negotiating with  Defendants' counsel regarding the filing of pleadings and the scheduling of hearings; (3) promptly moving to relate the *King, Hilborn* and *Lemmond* actions to the *Patel* action; (4) researching, preparing and filing an Amended Complaint; and (5) consulting with forensic investigator to assist in litigation strategy. Accordingly, Mr. Patel has exhibited that he is

---

[4]     This reduction is approximately $7.2 million more than the Company's original expectation of operating income reduction announced in December 2007.  Browning Decl., Exhibit A.

PLAINTIFF ARUNBHAI PATEL'S BRIEF IN FURTHER SUPPORT OF HIS MOTION TO CONSOLIDATE, APPOINT LEAD
PLAINTIFF AND LEAD COUNSEL AND IN OPPOSITION TO THE MOTION FILED BY CHARLES R. KING

best positioned to lead this litigation by vigorously advancing the course of this litigation and he is exactly the type of shareholder who should be appointed as to act on behalf of VeriFone.

### III.  SCHIFFRIN BARROWAY SHOULD BE APPOINTED AS LEAD COUNSEL

In selecting lead counsel, the "guiding principle" is who will "best serve the interest of the plaintiffs." *Millman*, 2004 U.S. Dist. LEXIS 20113 at * 9.  Here, Schiffrin Barroway will best serve the interests of all plaintiffs.  As fully set forth in Mr. Patel's opening memorandum, Schiffrin Barroway has a long and proven track record of successfully prosecuting complex shareholder actions, like this one, in both state and federal courts across the country, including serving in a leadership capacity in a host of derivative cases in the State of California.  *See* Schiffrin Barroway Resume, attached as Exhibit 2 to the Browning Decl. in support of the Patel Motion.

Moreover, Schiffrin Barroway has also distinguished itself as one of the leaders in prosecuting shareholder derivative cases seeking not only to hold the directors and officers responsible for their past misconduct but also to ensure that proper corporate reform is instituted so that these practices are finally eliminated.  In light of their extensive record of success in shareholder litigation, their expertise in shareholder derivative litigation, and their vigorous, high-quality prosecution of this action, the Court should appoint Schiffrin Barroway as Lead Counsel.

### IV.  CONCLUSION

For all of the foregoing reasons, Mr. Patel respectfully requests that the Court: (i) consolidate the above-captioned actions and any subsequently filed actions that involve questions of law or fact substantially similar to those contained in the pending actions; (ii) appoint Mr. Patel as Lead Plaintiff; and (iii) appoint Schiffrin Barroway as Lead Counsel.

Dated: April 7, 2008

                                          Respectfully submitted,

                                               /s/ Nichole Browning

                                          SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP

1  Nichole Browning (S.B.N. 251937)
   2125 Oak Grove Road, Suite 120
2  Walnut Creek, CA 94598
   Telephone: (925) 945-0770
3  Facsimile: (925) 945-8792

4  -and-

5  Eric L. Zagar (S.B.N. 250519)
   Lee D. Rudy
6  James H. Miller
   280 King of Prussia Road
7  Radnor, PA 19087
   Telephone: (610) 667-7706
8  Facsimile: (610) 667-7056

9  *Proposed Lead Counsel*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF ARUNBHAI PATEL'S BRIEF IN FURTHER SUPPORT OF HIS MOTION TO CONSOLIDATE, APPOINT LEAD PLAINTIFF AND LEAD COUNSEL AND IN OPPOSITION TO THE MOTION FILED BY CHARLES R. KING